# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN JAY II, | CASE NO. 1:10-cv-00072-SMS PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE CLAIM |
| v. | |
| FRESNO COUNTY JAIL, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## Screening Order

### I.   Screening Requirement and Standard

Plaintiff Joaquin Jay II, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 14, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II.     Plaintiff's Complaint

### A.     Allegations

In 2009, Plaintiff was incarcerated at the Fresno County Jail, where he was exposed to black mold for thirty or more days. The mold caused Plaintiff to be sick, and he made staff aware of the mold's existence on several occasions. Plaintiff seeks to impose liability on the Fresno County Jail and its medical department.

### B.     Exposure to Black Mold

The Eighth Amendment protects prisoners from inhumane conditions of confinement.[1] Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v.

---

[1] It is unclear whether Plaintiff was a convicted prisoner or a pretrial detainee at the time. The Eighth Amendment's prohibition against cruel and unusual punishment only protects convicted prisoners. Bell v. Wolfish, 441 U.S. 520, 535 (1979); Graham v. Connor, 490 U.S. 386, 395 n.10 (1989). However, although the rights of pretrial detainees are analyzed under the Due Process Clause rather than the Eighth Amendment, the same standards apply. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

1  McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state
2  a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and
3  disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer, 511 U.S. at 847; Thomas
4  v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Richardson v. Runnels, 594 F.3d 666, 672 (9th
5  Cir. 2010).

6  Where a plaintiff seeks to impose liability on a local government unit, liability attaches only
7  if the local government unit inflicts the injury complained of.  Monell v. Department of Social
8  Services, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978); Delia v. City of Rialto, 621 F.3d 1069, 1081 (9th
9  Cir. 2010); Conn v. City of Reno, 572 F.3d 1047, 1062 (9th Cir. 2009); Gibson v. County of
10 Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Liability may not be imposed based upon a
11 respondeat superior theory of liability.  Monell, 436 U.S. at 691; Delia, 621 F.3d at 1081; Ewing v.
12 City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th
13 Cir. 2003); Gibson, 290 F.3d at 1185.

14 Generally, a claim against a local government unit for municipal or county liability requires
15 an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the
16 constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir.
17 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).  Alternatively, and
18 more difficult to prove, municipal liability may be imposed where the local government unit's
19 omission led to the constitutional violation by its employee.  Gibson, 290 F.3d at 1186.  Under this
20 route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference
21 led to its omission and that the omission caused the employee to commit the constitutional
22 violation."  Id.  Deliberate indifference requires a showing "that the municipality was on actual or
23 constructive notice that its omissions would likely result in a constitutional violation."  Id.

24 The exposure to toxic mold may support a claim for unconstitutional conditions of
25 confinement.  However, Plaintiff's conclusory allegations are not sufficient to state a plausible claim
26 for relief.  Iqbal, 129 S.Ct. at 1949-50.  Plaintiff has not adequately alleged that any named defendant
27 knowingly disregarded a substantial risk of harm to his health, Farmer, 511 U.S. at 847, and
28 ///

Plaintiff's allegations fall well short of stating a claim against the jail under a theory of municipal liability, Monell, 436 U.S. at 694; Delia, 621 F.3d at 1081.

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint, filed January 14, 2010, is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

///
///
///

4.   If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **March 3, 2011**                    /s/ Sandra M. Snyder
UNITED STATES MAGISTRATE JUDGE